IN THE MATTER OF K.L.D

No. COA10-679

(Filed 5 April 2011)

**Juveniles— delinquency—permissible range of statutory dispositions**

The trial court did not abuse its discretion in a juvenile delinquency case arising out of simple assault and sexual battery by entering a Level 2 intermediate disposition without considering a Level 1 community disposition because it was within the range of statutorily permissible dispositions.

Appeal by juvenile from order entered 7 January 2010 by Judge Carol A. Jones Wilson in Sampson County District Court. Heard in the Court of Appeals 23 February 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Judith Tillman, for the State.*

*Anna S. Lucas for juvenile-appellant.*

BRYANT, Judge.

**IN RE K.L.D.**

[210 N.C. App. 747 (2011)]

Where the juvenile court's disposition order was within the range of statutorily permissible dispositions and was not manifestly unsupported by reason, we affirm the order.

An adjudication hearing on this matter was commenced 6 January 2010. The evidence presented indicates that Jessica[1], who was thirteen at the time of adjudication hearing, rode the bus to her middle school between November 2008 and January 2009. Jessica testified that the bus would pick her up around 6:30 a.m. Usually, two other girls and sometimes a thirteen year old boy named Alex Tucker were already on the bus. At the next stop, another girl would get on followed by Scott Terrell and K.L.D. Scott and K.L.D. were fifteen and fourteen, respectively, at the time of the hearing. Jessica had known Scott and K.L.D. since elementary school but did not consider them her friends. Jessica testified that Alex, Scott, and K.L.D. harassed her on the school bus between November 2008 and January 2009, each grabbing her on various occasions. K.L.D. would touch her vaginal area on the outside of her clothes and her breasts inside of her clothes, and he would try to kiss her. Jessica testified that she was "grossed out and freaked out" by the boys' conduct, and she never gave any of them permission to touch her.

Jessica eventually told her sister about the behavior, and her sister, in turn, informed their father. On 24 February 2009, Jessica's father filed a report with the Sampson County Sheriff's Department. K.L.D. was charged with one count of sexual battery and one count of simple assault. At K.L.D.'s adjudication hearing, Scott incriminated himself, testifying, in substance, that between November 2008 and January 2009, he sometimes sat near Jessica on the ride to school and that sometimes "[he] would touch her breasts." K.L.D. did not testify. K.L.D. was adjudicated delinquent as a result of the allegations of sexual battery and simple assault on Jessica between November 2008 and January 2009.

K.L.D. had a prior record which indicated that he had previously been adjudicated delinquent. The prior adjudication resulted from a 1 May 2008 incident also on a Sampson County school bus. Three juvenile petitions for simple assault on three female victims had been filed. The allegations in those petitions included "attempting to put his hands down the victims [sic] shirt," "grabbing the victim [sic] head in [sic] pulling toward his private part," and "touching the victims [sic]

---

1. Pseudonyms have been used to protect the identities of all the juveniles, and initials have been used for juvenile delinquent pursuant to N.C. R. App. P. 3.1(b).

butt and grabbing her in [sic] making her sit on his lap." Two of the petitions were dismissed; however, K.L.D. was found responsible for one allegation of simple assault.

In the current matter, after the trial court found K.L.D. responsible for the acts of sexual battery and simple assault on Jessica and adjudicated him delinquent, it considered K.L.D.'s prior record at disposition. In its disposition order, the court made the following findings of fact: K.L.D.'s delinquency history level was low; and the court received and considered a predisposition report, risk assessment, and needs assessment. In the risk assessment, K.L.D. was determined to be of medium risk; in his needs assessment, K.L.D. was determined to require medium needs. Based on the findings of fact, the court concluded that "[t]he Court is required to order a Level 2 disposition (*and also may order any Level 1 disposition*)." The court imposed a Level 2 disposition ordering that K.L.D. participate in a wilderness program, be confined for fourteen days at an approved detention facility, perform fifty hours of community service, be placed on supervised probation for a period of twelve months, adhere to a curfew of 5 p.m. to 8 a.m., abstain from associating with any person deemed inappropriate by the judge, the court counselor, or parent, not use a computer unless supervised, and have no contact with Jessica. K.L.D. appeals.

On appeal, K.L.D. contends the trial court erred by concluding that it was required to enter a Level 2 intermediate disposition without considering a Level 1 community disposition. We disagree.

The decision to impose a statutorily permissible disposition is vested in the discretion of the juvenile court and will not be disturbed absent clear evidence that the decision was manifestly unsupported by reason. *In re N.B.*, 167 N.C. App. 305, 605 S.E.2d 488 (2004).

Under our North Carolina Juvenile Code, "[t]he purpose of dispositions in juvenile actions is to design an appropriate plan to meet the needs of the juvenile and to achieve the objectives of the State in exercising jurisdiction, including the protection of the public." N.C. Gen. Stat. § 7B-2500 (2009). In selecting from a statutorily authorized disposition, the court shall consider the following factors:

(1)  The seriousness of the offense;

(2)  The need to hold the juvenile accountable;

(3)  The importance of protecting the public safety;

(4) The degree of culpability indicated by the circumstances of the particular case; and

(5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

N.C. Gen. Stat. § 7B-2501(c) (2009). Pursuant to N.C. Gen. Stat. § 7B-2508, the range of permissible dispositions is limited by the juvenile's offense classification and delinquency history. N.C.G.S. § 7B-2508 (2009).

If a juvenile is adjudicated of more than one offense during a session of juvenile court, the court shall consolidate the offenses for disposition and impose a single disposition for the consolidated offenses. The disposition shall be specified for the class of offense and delinquency history level of the most serious offense.

N.C.G.S. § 7B-2508(h) (2009). Where a juvenile has been found to be responsible for the allegations amounting to an A1 misdemeanor, the offense classification is "serious." N.C.G.S. § 7B-2508(a)(2) (2009). Sexual battery is a class A1 misdemeanor. N.C. Gen. Stat. § 14-27.5A (2009). Where a juvenile has been found to be responsible for the allegations amounting to a Class 1, 2, or 3 misdemeanor, the offense classification is "minor." N.C.G.S. § 7B-2508(a)(3). Simple assault is a class 2 misdemeanor. N.C. Gen. Stat. § 14-33(a) (2009).

"The delinquency history level for a delinquent juvenile is determined by calculating the sum of the points assigned to each of the juvenile's prior adjudications . . . ." N.C. Gen. Stat. § 7B-2507(a) (2009). "For each prior adjudication of a Class 1, 2, or 3 misdemeanor offense, 1 point." N.C. Gen. Stat. § 7B-2507(b)(3) (2009). A total of 1 point for prior offenses correlates to a delinquency history level of "low." N.C.G.S. § 7B-2507(c)(1) (2009). K.L.D. was previously adjudicated delinquent for the prior offense of simple assault—a class 2 misdemeanor, and as a result, K.L.D. had 1 point for prior offenses. This correlated to a delinquency history level of low.

Under N.C.G.S. § 7B-2508(f), the combination of a serious offense with a low delinquency history level yields an authorized disposition of Level 1 or Level 2. N.C.G.S. § 7B-2508(f) (2009). Under a Level 1 disposition, a community disposition, "[a] court . . . may provide for evaluation and treatment under G.S. 7B-2502 and for any of the dispositional alternatives contained in subdivisions (1) through (13) and (16) of G.S. 7B-2506." N.C.G.S. § 7B-2508(c). Under a Level 2 disposition, an intermediate disposition,

[a] court . . . may provide for evaluation and treatment under G.S. 7B-2502 and for any of the dispositional alternatives contained in subdivisions (1) through (23) of G.S. 7B-2506, but shall provide for at least one of the intermediate dispositions authorized in subdivisions (13) through (23) of G.S. 7B-2506.

N.C.G.S. § 7B-2508(d).

Under N.C.G.S. § 7B-2506, dispositions 13 through 23 include, the following:

(13) Order the juvenile to cooperate with placement in a wilderness program.

. . .

(20) Order that the juvenile be confined in an approved juvenile detention facility for a term of up to 14 24-hour periods, which confinement shall not be imposed consecutively with intermittent confinement pursuant to subdivision (12) of this section at the same dispositional hearing. The timing of this confinement shall be determined by the court in its discretion.

. . .

(23) Order the juvenile to perform up to 200 hours supervised community service consistent with the juvenile's age, skill, and ability, specifying the nature of work and the number of hours required. The work shall be related to the seriousness of the juvenile's offense.

N.C.G.S. § 7B-2506 (2009).

The dispositional hearing may be informal, and the court may consider written reports or other evidence concerning the needs of the juvenile. The court may consider any evidence, including hearsay evidence as defined in G.S. 8C-1, Rule 801, that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition.

N.C.G.S. § 7B-2501(a) (2009).

Here, the record included three prior juvenile petitions for simple assault on female victims other than Jessica. The victims alleged that K.L.D. "attempt[ed] to put his hands down the victims [sic] shirt," "grabb[ed] the victim [sic] head in [sic] pull[ed] toward his private part," and "touch[ed] the victims [sic] butt and grabb[ed] her in [sic]

ma[de] her sit on his lap." As a result, K.L.D. was adjudicated delinquent on one count of simple assault, and the other two counts were dismissed, resulting in a 1 point, low delinquency history level.

However, in the instant case, after K.L.D. was adjudicated a delinquent as to simple assault and sexual battery, the court could properly authorize a Level 1 or Level 2 disposition pursuant to § 7B-2508(f), because K.L.D. now had a serious offense combined with a low delinquency level. Therefore, the Level 2 intermediate disposition ordered by the court—that K.L.D. participate in a wilderness program, submit to intermittent confinement by spending fourteen days in an approved detention facility, and perform fifty hours of community service—was within the range of statutorily permissible dispositions. Because the court's decision was clearly not manifestly unsupported by reason and because it was an appropriate decision within the discretion of the trial court, it shall remain undisturbed.

Affirmed.

Judges ELMORE and GEER concur.